**Idriz ZEQUIRAJ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5794–ag.

United States Court of Appeals, Second Circuit.

Oct. 21, 2008.

Charles Christophe, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Idriz Zequiraj, a native of Kosovo and a citizen of the former Yugoslavia, seeks review of a November 28, 2007 order of the BIA denying his motion to reopen. *In re Idriz Zequiraj*, No. A97 835 827 (B.I.A. Nov. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See*

---

1. We take judicial notice that Kosovo declared its independence on February 17,

*Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

We conclude that the BIA did not abuse its discretion in denying Zequiraj's motion to reopen. It is undisputed that the motion was untimely where it was filed more than one year after the BIA's March 2006 decision. 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Zequiraj failed to show that his motion to reopen met an exception to the time limitation based on "changed country conditions" in Kosovo. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

In this regard, the BIA found that while Zequiraj's evidence "reflects the growing international concerns about how any plans for Kosovo's independence will affect the political and ethnic stability both within Kosovo and in its neighboring countries," it concluded that "speculation as to future problems in Kosovo does not comprise changed conditions." We find no error in this reasoning. Speculation about how conditions might change is not sufficient to establish changed country conditions pursuant to 8 U.S.C. § 1229a(c)(7)(C)(ii).[1] *See also* 8 C.F.R. § 1003.2(c)(2).

---

2008. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 186 n. 5 (2d Cir.2006).

Furthermore, Zequiraj's argument that he fears future persecution in Kosovo based on the increase in Muslim radical attacks against moderate Muslims like him is without merit. Contrary to Zequiraj's argument, evidence he relies upon details only a developing "potential for trouble" between Muslim radicals and moderate Muslims. Thus, the BIA's finding that Zequiraj submitted no evidence of changed country conditions was proper.

Finally, to the extent Zequiraj argues that the BIA abused its discretion by failing to consider the supporting documentation he submitted with his motion to reopen, we find that this argument is without merit. The BIA is not required to " 'expressly parse or refute on the record' each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir.2006) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir.2006)). To the contrary, "[w]hile the BIA must consider such evidence, it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." *Id.* Here, the BIA noted that Zequiraj "submitted a number of background reports and news articles" and concluded that this evidence failed to establish his claim that country conditions in Kosovo had changed. While the BIA considered Zequiraj's evidence in "summary fashion," it did not abuse its discretion in doing so where Zequiraj has failed to explain how any piece of documentary evidence submitted with his motion established changed country conditions in Kosovo material to his claim. *See id.*

The BIA's finding that Zequiraj's motion to reopen is untimely and that he did not meet the exception to the one-year time limitation by demonstrating changed country conditions in Kosovo is dispositive to his petition for review. Accordingly, we need not consider Zequiraj's argument that the BIA erred in finding that some of his evidence was not previously unavailable. We decline to consider Zequiraj's due process argument where that argument is merely a challenge to the BIA's denial of his motion to reopen cloaked in constitutional garb. *Cf. Saloum v. USCIS*, 437 F.3d 238, 243–44 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).